IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Federal National Mortgage Association, a corporation established pursuant to 12 U.S.C. § 1716 et. seq. | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 7624 |
| Evoywest Chicago, LLC, an Illinois limited liability company, et al., | ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

Federal National Mortgage Association ("Fannie Mae") has brought this mortgage foreclosure action, invoking the diversity-of-citizenship branch of federal jurisdiction. This brief memorandum order is issued sua sponte because Fannie Mae's counsel, despite his careful attentiveness to most of the jurisdictional requirements, has slipped a cog in one respect.

Complaint ¶ 6 identifies the citizenship ascribable to Fannie Mae, whose charter deems it to be a District of Columbia corporation. Complaint ¶¶ 7 and 9 negate District of Columbia citizenship on the part of any members of the limited liability companies referred to there, while Complaint ¶ 8 similarly negates District of Columbia citizenship as to a corporate IRA trustee that is also named as a co-defendant.

Where Fannie Mae's counsel has erred, however, is with respect to the three individual defendants. There Complaint ¶¶ 10-12 identify only the Illinois <u>residence</u>, rather then the state of citizenship, of each of those defendants. Although residence most often coincides with an individual's state of citizenship, that is not always so -- and as our Court of Appeals has often repeated in such cases as <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 7th Cir. 2004), "when the parties allege residence but not citizenship, the district court must dismiss the suit."

This Court is loath to heed that directive here, particularly given the great likelihood that the flaw identified in this order is readily curable (as well as the waste that would be involved in Fannie Mae's having to refile this lawsuit and pay a second $350 filing fee. Accordingly Fannie Mae's counsel is given leave to file an amendment to the Complaint (<u>not</u> a self-contained Amended Complaint) on or before December 18, 2009, failing which this Court would be constrained to heed the <u>Adams</u> mandate by dismissing the Complaint and this action. Meanwhile this Court is issuing its customary initial scheduling order on the premise that the flaw will indeed have been cured.

_____
Milton I. Shadur
Senior United States District Judge

Date:    December 10, 2009