IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMUNITY INITIATIVES, INC., assignee of FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation established pursuant to 12 U.S.C. § 1716 et seq., <br><br> Plaintiff, <br><br> v. <br><br> EVOYWEST CHICAGO, LLC, an Illinois limited liability company, STANDARD BANK AND TRUST COMPANY, as IRA Trustees, WASHINGTON BOULEVARD APARTMENTS 2006 LLC, an Illinois limited liability company, JOSEPH ARDOVITCH, an individual, JAMES MINICK, an individual, DENNIS MADSEN, an individual, <br><br> Defendants. | No. 2009-cv-07624 <br><br> Hon. Milton I. Shadur |

## AMENDED VERIFIED COMPLAINT FOR FORECLOSURE AND OTHER RELIEF

Plaintiff Community Initiatives, Inc., assignee of Federal National Mortgage Association ("CII"), by its attorneys, Hauselman, Rappin & Olswang, Ltd., for its Amended Verified Complaint for Foreclosure and Other Relief, states as follows:

### INTRODUCTION

1. This is an action to foreclose a mortgage secured by real property commonly known as Evoy West Apartments, 5550 West Washington Boulevard, Chicago, IL 60661. The property at issue is a multi-unit apartment complex.

CHIC_4532108.1

2. On May 3, 2006, Deutsche Bank Berkshire Mortgage, Inc. ("Deutsche Bank" or the "Lender") (as predecessor in interest to CII) loaned $9,142,000 to Evoywest Chicago, LLC ("Evoywest" or the "Borrower").

3. Borrower's indebtedness is evidenced by a Multifamily Note (the "Note") and is secured by a Multifamily Mortgage, Assignment of Rents, and Security Agreement (the "Mortgage") that encumbers the Property.

4. As complained below, the Note and Mortgage are presently in default because Borrower has failed to make payments required under the Note.

5. Because of this default, CII has the right to foreclose on the Mortgage and obtain an order directing the sale of the Property to satisfy the indebtedness it is owed and seek other relief as provided under the Note and the Mortgage.

## THE PARTIES

6. Plaintiff CII is a corporation organized and existing under the laws of the United States, which has its principal office in the District of Columbia and is deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia Corporation pursuant to its charter at 12 U.S.C. § 1717a(2)(B).

7. Defendant Evoywest, LLC is an Illinois limited liability company whose address is c/o Ardmin Properties Management Group, 7501 S. Lemont Rd., Ste. 300, Woodride, IL 60517.. All members of Evoywest are citizens of the State of Illinois.

8. Defendant Standard Bank and Trust Company ("Standard") is an Illinois banking corporation with a principal place of business at 7800 W 95th St., Hickory Hills, Illinois, 60457. Standard Bank and Trust Company is named in its capacity as IRA Trustees for Umberto

Acanfora, Carla Dobrovits, William J. Morgenthal, Joseph C. Fanelli, Jr., Joseph C. Fanelli, Bonita C. McCarthy, Patrice E. Price, George Streit, S. Jerry Vilardi, Donna Vilardi, and Marie Wiermanski. Standard is named as a party to this action because its rights, if any, are inferior to the mortgage rights of CII. On information and belief, no member of the trust is a citizen of the District of Columbia.

9. Defendant Washington Boulevard Apartments 2006 LLC ("Washington") is an Illinois limited liability corporation whose address is 7501 S. Lemont Rd. #300, Woodridge, Illinois, 60517. Washington is named as a party to this action because its rights, if any, are inferior to the mortgage rights of CII. On information and belief, no member of Washington is a citizen of the District of Columbia.

10. Defendant Joseph Ardovitch ("Ardovitch") is an individual who resides at 5417 S. Melvina Ave., Chicago, IL, 60638-2654. Ardovitch assumed liability as a Key Principal through the Note and Mortgage.

11. Defendant James Minick ("Minick") is an invidivual who resides at 18 Elizabeth Lane, Downers Grove, Illinois, 60516-4466. Minick assumed liability as a Key Principal through the Note and Mortgage.

12. Defendant Dennis Madsen ("Madsen") is an individual who resides at 2850 Jarrett Drive, Schererville, Indiana, 46375-2384. Madsen assumed liability as a Key Principal through the Note and Mortgage.

13. Defendant PRN Corporation is an Illinois Corporation whose address is 1523 South Central Park Avenue, Chicago, Illinois, 60624. PRN is named as a party to this action because its rights, if any, are inferior to the mortgage rights of CII.

3

## JURISDICTION AND VENUE

14. Pursuant to 28 U.S.C. § 1332(a)(1), the Court has diversity jurisdiction over this case because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and 1392, because the Defendants reside in this District, a substantial part of the events giving rise to the claims stated herein occurred in this District, and the real property at issue is all located in this District.

## COUNT I

## FORECLOSURE OF MORTGAGE

16. CII realleges and incorporates by reference the above-preceding paragraphs.

17. CII files this Complaint, pursuant to the Illinois Mortgage Foreclosure Law, 735 ILCS §§ 5/15-1101 et seq., to foreclose the Mortgage hereinafter described and joins the following persons as defendants:

   a. Evoywest Apartments, LLC;

   b. Standard Bank and Trust Company;

   c. Washington Boulevard Apartments; and

   d. PRN Corporation.

18. Attached as Exhibit A is a copy of the Multifamily Note executed by Borrower in favor of Arbor.

19. Attached as Exhibit B is a copy of the Multifamily Mortgage, Assignment of Rents and Security Agreement executed by Borrower in favor of Deutsche Bank, as mortgagee, that secures repayment of the Note and that encumbers the Property.

20. Attached as <u>Exhibit C</u> is a copy of the Replacement Reserve and Security Agreement executed by Borrower in favor of Deutsche Bank in conjunction with the Note and Mortgage.

21. Pursuant to the Mortgage and Note, the obligations of Borrower are secured by all land, improvements, equipment, inventory, and fixtures, whether physically attached thereto or not and all rights to the property, as well as other items described in the Mortgage. Also pursuant to the Mortgage, the obligations of Borrower are secured by a collateral assignment of all leases, rents, and all other sources of income derived from the Property.

22. On May 3, 2006, Deutsche Bank, as assignor, executed an Assignment of Collateral Agreement and Other Loan Documents to Fannie Mae, as assignee. A copy of the Assignment of Collateral Agreement and Other Loan Documents is attached hereto as <u>Exhibit D.</u>

23. On May 3, 2006, Deutsche Bank, as assignor, executed an Assignment of Security Instrument (Multifamily Mortgage) to Fannie Mae, as assignee (the "Assignment"). The Assignment was recorded with the Cook County Recorder of Deeds as Document No. 0616032002 on June 9, 2006. A copy of the Assignment is attached hereto as <u>Exhibit E</u>.

24. On March 18, 2010, Fannie Mae, as assignor, executed an Assignment of Mortgage to CII, as assignee (the "CII Assignment"). The CII Assignment was recorded with the Cook County Recorder of Deeds as Document No. 1008518054 on March 26, 2010. A copy of the CII Assignment is attached hereto as <u>Exhibit F</u>.

25. Pursuant to the CII Assignment, Fannie Mae assigned to CII the Note in the original principal amount of $9,142,000 and the Multifamily Mortgage, Assignment of Rents, and Security Agreement.

26. Information concerning Mortgage:

    a. <u>Nature of Mortgage Instrument</u>: Multifamily Mortgage, Assignment of Rents, and Security Agreement.

    b. <u>Date of Mortgage</u>: May 3, 2006.

    c. <u>Name or names of mortgagor or mortgagors</u>: Evoywest Chicago, LLC.

    d. <u>Name of mortgagee, trustee or grantee in the Mortgage</u>: Community Initiatives, Inc., successor in interest to the Mortgage pursuant to the CII Assignment.

    e. <u>Date and place of recording, or of filing if the land is registered under "An Act Concerning Land Titles" approved May 1, 1987, as heretofore and hereafter amended</u>:

> Mortgage recorded in the Cook County, Illinois Recorder of Deeds on November June 9, 2006 as Document No. 0616032001. Assignment of Mortgage recorded in the Cook County, Illinois Recorder of Deeds on March 26, 2010 as Document No. 1008518054.

    f. <u>Identification of Recording</u>: (a) Mortgage Document No. 0616032001; (b) Assignment of Mortgage: Document No. 1008518054.

    g. <u>Interest subject to the mortgage or trust deed</u>: Fee simple.

    h. <u>Amount of Original Indebtedness</u>: $9,142,000.

    i. <u>Legal description and common address of the mortgaged premises</u>:

    A. The legal description of the Property:

See Property Description, Attached As <u>Exhibit G.</u>

    j. <u>Statements as to defaults</u>: The following defaults have occurred and are continuing:

    (1) Date of Initial Default: September 1, 2009.

    (2) Nature of Defaults: Beginning with the September 2009 monthly payment and through to the Present, borrower has failed to make payments for the entire amount due under the Note and Mortgage. As of October 23, 2009, the total amount due in arrears for principal, interest, and default interest is $9,216,062.40.

> By reason of the defaults alleged, the indebtedness has not matured by its terms, the same has become due by the exercise, by CII or other persons having such power, of a

6

right or power to declare immediately due and payable the whole of all indebtedness secured by the Mortgage.

Additionally, a transfer of interest in the property has been made in violation of Section 21(a)(1) of the Mortgage, and as more fully described in Count III.

k.  <u>Statement, separately itemized, as to unpaid principal, interest, other charges and total amount due, and also the date of the foregoing calculations, and per diem interest accruing under the mortgage or trust deed after the date of such calculations</u>:

> The unpaid principal balance as of October 23, 2009 is $9,024,405.74. Interest has accrued on in the amount of $130,131.93, and default interest has accrued in the amount of $53,143.72 through October 23, 2009. The total amount due in principal and interest as of October 23, 2009 is $9,216,062.40. Interest continues to accrue on said balance at the rate of $1,549.19 per day, and default interest in the amount of $1,002.71 per day. In addition, Borrower owes late charges in the amount of $8,381.01, escrow advances of $64,155.28 and other fees of $53,143.72. CII has also incurred title charges and attorneys' fees, to be calculated at a later time. The amounts indicated above are correctly stated, and any advances made, or to be made, by CII, were required to be made, or will be required to be made, and under and by virtue of the Mortgage, the same constitute an additional indebtedness secured by the Mortgage.

l.  <u>Name or names of present owner or owners of premise</u>: Evoywest Chicago, LLC.

m.  <u>Name of other persons who are joined as defendants and whose interest in or lien on the mortgaged premises is sought to be terminated</u>: Standard Bank and Trust, as IRA Trustee, Washington Boulevard Apartments 2006, LLC, PRN Corporation.

n.  <u>Name of person CII claims to be personally liable for deficiency, if a deficiency judgment is prayed for</u>: Joseph Ardovitch, James Minick, and Dennis Madsen, as set forth in Count III.

o.  <u>Capacity in which CII brings this suit</u>: CII is the legal owner and holder of the Note and Mortgage herein and is entitled to all sums due thereunder.

p.  <u>Facts in support of redemption period, shorter than the longer of (a) 7 months from the date the mortgagor or, if more than one, all the mortgagors (i) have been served with summons or by publication or (ii) have otherwise submitted to the jurisdiction of the Court, or (a) 3 months from the entry of the judgment of foreclosure, if</u>

sought: Pursuant to Section 45 of the Mortgage, Borrower has waived any and all rights of redemption.

    q.    <u>Statement that the right of redemption has been waived by all owners of redemption, if applicable</u>: Pursuant to Section 45 of the Mortgage, Borrower has waived any and all rights of redemption.

    r.    <u>Facts in support of request for attorneys' fees and of costs and expenses</u>:

R-1.    Section 43 of the Mortgage provides for the recovery of all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees;

R-2.    CII has been compelled to employ and retain attorneys to prepare and file this Complaint and to represent and advise CII in the foreclosure of the Mortgage, and CII will thereby become liable for the usual, reasonable and customary fees of the attorneys in that respect;

R-3    CII has been compelled to advance or will be compelled to advance, various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer fees, witness fees, costs of publication, costs of procuring and preparing documents evidence and costs of procuring title reports, minutes of foreclosure and a title insurance policy;

R-4.    Under the terms of the Note and Mortgage, all such advances, costs, attorneys' fees and other fees, expenses and disbursements are secured by the mortgaged real estate, and CII is entitled to recover all such advances, costs, attorneys' fees, expenses and disbursements, together with interest on all advances at the rate provided in the Note or the Mortgage, or, if no rate is provided therein, at the statutory rate, from the date on which such advances were made;

R-5.    To protect the lien of the Mortgage, it may become necessary for CII to pay taxes and assessments which have been or may be levied upon the mortgaged real estate;

R-6.    To protect and preserve the mortgaged real estate, it may also become necessary for CII to pay liability (protecting mortgagor and mortgagee), fire and other hazard insurance premiums on the mortgaged real estate, to make such repairs to the mortgaged real estate as may reasonably be deemed necessary for the proper preservation thereof, to advance for costs to inspect the mortgaged real estate, or to appraise it, or both, and to advance for premiums for preexisting private or governmental mortgage insurance to the extent required after a foreclosure is commenced in order to keep such insurance in force; and

R-7.    Under the terms of the Mortgage, any money so paid or expended will become an additional indebtedness secured by the mortgage or trust deed and will

8

bear interest from the date such monies are advanced at the rate provided in the Note, or, if no rate is provided, at the statutory judgment rate.

    s.    <u>Facts in support of a request for appointment of mortgagee in possession or for appointment of receiver, and identity of such receiver, if sought</u>:

Section 3(d) of the Mortgage provides as follows: "[I]f an Event of Default has occurred and is continuing, regardless of the adequacy of Lender's security, without regard to Borrower's solvency and without the necessity of giving prior notice (oral or written) to Borrower, Lender may apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property to take any or all of the actions set forth in the preceding sentence. If Lender elects to seek the appointment of a receiver for the Mortgaged Property at any time after an Event of Default has occurred and is continuing, Borrower, by its execution of this Instrument, expressly consents to the appointment of such receiver, including the appointment of a receiver *ex parte* if permitted by applicable law."

The Property is currently subject to multiple municipal cases filed by the City of Chicago: 08 M 1401956, 08 M 1402670, 08 M 1403479, 09 M 1402138, 07 M1 1403186. As these cases involve code violations against the property, a Receiver is needed to address the violations and maintain the property to prevent further violations.

The mortgaged real estate is generating rental income that can be applied to operating expenses, real estate taxes and the amounts due and owing under the Note. Lawrence Ordower has been appointed as Receiver.

    t.    In accordance with Section 15-1402 of the Illinois Mortgage Foreclosure Law, CII does not offer to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

    u.    <u>Name or names of defendants whose right to possess or redeem the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated</u>: Evoywest Chicago, LLC, Standard Bank and Trust, as IRA Trustee, Washington Boulevard Apartments 2006, LLC, PRN Corporation.

    v.    <u>Facts in support of possession of the premises upon sale confirmation</u>: That upon confirmation of the sale, CII or any other purchaser at the sale or the holder of the certificate of sale or deed is entitled to full possession of the mortgaged premises against the parties named in paragraph u above, and termination of any lease or lessee interest by any of the parties named in paragraph u above.

WHEREFORE, CII requests the following relief:

A.    A Judgment of Foreclosure and Sale as follows:

    (1)    that an accounting be taken under the direction the Court of the amounts due and owing by Borrower to CII;

(2) that Borrower be ordered to pay to CII, jointly and severally, before expiration of any redemption period (or, if no redemption period, before a short date fixed by the Court) whatever sums may appear to be due upon the taking of such account, together with attorneys' fees and costs of the proceeds (to the extent provided in the Mortgage or by law);

(3) that in default of such payment, in accordance with the judgment, the mortgaged real estate be sold as directed by the Court, to satisfy the amount due to CII as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment;

(4) that in the event CII is the purchaser of the mortgaged real estate at such sale, CII may offset against purchase price of such real estate the amounts due under the Judgment of Foreclosure and Sale and Order confirming the Sale;

(5) that in the event of such sale and the failure of any person entitled thereto to redeem prior to such sale pursuant to Article 15 of the Illinois Mortgage Foreclosure Act, 735 ILCS §§ 5/15-1101 et seq., the Defendants made parties to the foreclosure in accordance with Article 15 of the Illinois Mortgage Foreclosure Act, and all non-record claimants given notice of the foreclosure in accordance with Article 15 of the Illinois Mortgage Foreclosure Law, and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the mortgaged real estate; and

(6) that if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with Article 17 of the Illinois Mortgage Foreclosure Act §§ 735 ILCS 5/15-1701 et seq.

B. A judgment for attorneys' fees, costs and expenses; and

C. For such other and further relief as this Court deems just.

## COUNT II

### FORECLOSURE OF PERSONALTY UNDER THE MORTGAGE

27. CII realleges and incorporates by reference Paragraphs 1 through 21.

28. As additional security for the Note and Mortgage, Borrower granted a security interest in certain personal property and fixtures located at the Property and described in the Mortgage ("Collateral").

10

29. The security interest in the Collateral conveyed by the Mortgage has been perfected by the filing of a UCC Financing Statement with the Cook County Recorder of Deeds on June 9, 2006 as Document No. 0616032003. Recorded and filed copies of the UCC Financing Statement are attached hereto as Exhibit H.

30. As a result of Borrowers default under the Note, an event of default has occurred and exists under the mortgage and CII is entitled under the Mortgage to foreclose its security interest under the collateral.

WHEREFORE, CII requests the following relief under Count II:

A. A judgment of foreclosure and an order granting CII possession of the Collateral; and

B. Such other and further relief as this Court deems equitable and just.

## COUNT III

## PERSONAL LIABILITY OF JOSEPH ARDOVITCH, JAMES MINICK, AND DENNIS MADSEN

31. CII realleges and incorporates by reference Paragraphs 1 through 28.

32. Joseph Ardovitch, James Minick, and Dennis Madsen are Key Principals and have signed the "Acknowledgement and Agreement of Key Principal to Personal Liability for Exceptions to Non-Recourse Liability," ("Acknowledgement") attached to the Note, which provides in part:

> Key Principal, who has an economic interest in Borrower or who will otherwise obtain a material financial benefit from the Loan, **hereby unconditionally and irrevocably agrees to pay to Lender, or its assigns, on demand, all amounts for which Borrower is personally liable under Paragraph 9 of the Multifamily Note** to which this Acknowledgement is attached (the "Note").

(Note, p. 12) (emphasis added).

11

CHIC_4532108.1

33. CII has full recourse against Ardovitch, Minick, and Madsen based on Section 9(c)(2) of the Note, which provides:

> (c) Borrower shall become personally liable to Lender for the repayment of all of the Indebtedness upon the occurrence of any of the following Events of Default: (1) Borrower's acquisition of any property or operation of any business not permitted by Section 33 of the Security Instrument; or (2) **a Transfer that is an Event of Default under Section 21 of the Security Instrument.**

(Note, § 9(c)(2))) (emphasis added).

34. Section 1(z)(B) of the Mortgage defines the term "transfer" as, inter alia, "the granting, creating, or attachment of a lien, encumbrance, or security interest (whether voluntary, involuntary or by operation of law)." (Mortgage, § 1(z)(B))).

35. Section 21(a) of the Mortgage provides:

> (a) the occurrence of any of the following events shall constitute an Event of Default under the Instruments: (1) a Transfer of all of any part of the Mortgaged Property or any interest in the Mortgaged Property.

36. An event has occurred that constitutes a Transfer as defined by Section 1(z)(B) of the Mortgage and an Event of Default as defined by Section 21 of the Mortgage.

37. On February 27, 2007, Ardovitch, as President of Washington, granted an interest in the Mortgaged Property to Standard pursuant to a Mortgage (the "Washington Mortgage") between Washington as Mortgagor and Standard as Mortgagee. The Washington Mortgage was secured by a Promissory Note in the principal sum of $350,000. A true and correct copy of the Washington Mortgage is attached hereto as Exhibit I. The Washington Mortgage constitute a transfer in violation of Section 9(c)(2) of the Note.

38. CII, therefore, has full recourse against Ardovitch, Minick, and Madsen for the repayment of the entire debt due and owing to CII in connection with the Note and Mortgage.

WHEREFORE, CII requests the following relief:

CHIC_4532108.1

      A.    An order granting CII full recourse against Ardovitch, Minick, and Madsen; and

      B.    An order granting such other and further relief as this Court deems equitable and just.

Respectfully submitted,

COMMUNITY INITIATIVES, INC.

By: /s/ Ian M. Burns
    One of its attorneys

*ATTORNEYS FOR COMMUNITY INITIATIVES, INC.*

Ian M. Burns, #6282599
iburns@hrolaw.com
Hauselman Rappin & Olswang Ltd.
39 South LaSalle Street, Suite 1105
Chicago, Illinois 60603
T: (312) 372-2020
F: (312) 372-0404