IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COMMUNITY INITIATIVES, INC., assignee
of FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a corporation established
pursuant to 12 U.S.C. § 1716 et seq.,

    Plaintiff,

v.

EVOYWEST CHICAGO, LLC, an Illinois
limited liability company, STANDARD BANK
AND TRUST COMPANY, as IRA Trustees,
WASHINGTON BOULEVARD APARTMENTS
2006 LLC, an Illinois limited liability company,
JOSEPH ARDOVITCH, an individual, JAMES
MINICK, an individual, DENNIS MADSEN, an
Individual,

    Defendants.

No. 2009-cv-07624
Hon. Milton I. Shadur

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes Community Initiatives, Inc. (the "Plaintiff"), by Ian Burns, one of its attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for Summary Judgment on Count I of its Complaint and Judgment in its favor and against defendants, Evoywest Chicago, LLC, Joseph Ardovitch, James Minick and Dennis Madsen (the "Defendants"). In support of its Motion for Summary Judgment, Plaintiff alleges and states as follows:

1.  On December 9, 2009, Plaintiff filed its Complaint for Foreclosure of Mortgage, seeking to foreclose its Mortgage (the "Mortgage") on property commonly known as Evoywest Apartments, 5500-16, 5716-26, 5912-18, 5521-37, and 5417-29 W. Washington, and 3635-45 West Cermak, Chicago, Illinois (the "Property"). On January 22, 2010, the Defendants Evoywest Chicago, LLC, Joseph Ardovitch, James Minick and Dennis Madsen filed their Answer (the "Answer") to the Complaint.

2.  On June 21, 2010, Plaintiff filed its Amended Complaint for Foreclosure of Mortgage (the "Complaint") and the Defendants' Answer stood as their Answer to the Amended Complaint.

3.  In their Answer to Count I, the Defendants admit all of the allegations contained in the Complaint, except for the amounts due and owing as alleged in paragraph 24(k).

Based on the aforementioned answers by the Defendants in their Answer, and the Affidavit of the Plaintiff, Summary Judgment must be awarded in favor of the Plaintiff and against the Defendants.

## ARGUMENT

**I.  The Answer does not create a genuine issue of material fact**

Rule 56(a) of the Federal Rules of Civil Procedure provides that at "A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."

That by Virtue of their Answer, Defendants admit all of the allegations contained in Count I of the Complaint except for the amount due and owing under the Mortgage and Note.

Each of the allegations in Count I of the Complaint is a matter of public record or included in the exhibits attached to the Complaint. As a result, these paragraphs do not raise a genuine issue of material fact, which would prevent Summary Judgment being entered in favor of Plaintiff. Furthermore, the amount of a default, accrued interest, charges and expenses are mathematical computations, which do not give rise to a genuine or material issue of fact. The Affidavit of the Asset Manager of Community Initiatives, Inc., attached hereto and made a part hereof as Exhibit A, sets forth when the Mortgage was in default, the principal balance due on the Note, and the amount of accrued interest owed pursuant to the Note

WHEREFORE, Community Initiatives, Inc., prays that Summary Judgment against the Defendants, Evoywest Chicago, LLC, Joseph Ardovitch, James Minick and Dennis Madsen, that Judgment of Foreclosure and Sale be entered in favor of Community Initiatives, Inc., as prayed for in the Amended Complaint for Foreclosure of Mortgage, and for such other and further relief as this Court deems just.

Respectfully submitted,

/s/ Ian M. Burns

Ian M. Burns, #6282599
iburns@hrolaw.com
Hauselman Rappin & Olswang Ltd.
39 South LaSalle Street, Suite 1105
Chicago, Illinois 60603
T: (312) 372-2020
F: (312) 372-0404