

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

COMMUNITY INITIATIVES, INC., assignee
of FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a corporation established
pursuant to 12 U.S.C. § 1716 et seq.,

       Plaintiff,

           v.

EVOYWEST CHICAGO, LLC, an Illinois
limited liability company, STANDARD BANK
AND TRUST COMPANY, as IRA Trustees,
WASHINGTON BOULEVARD APARTMENTS
2006 LLC, an Illinois limited liability company,
JOSEPH ARDOVITCH, an individual, JAMES
MINICK, an individual, DENNIS MADSEN, an
individual,

       Defendants.

$09-cv-07624$

No. 2009-cv-07624

Hon. Milton I. Shadur

## JUDGMENT OF FORECLOSURE AND SALE

This day comes the plaintiff, COMMUNITY INITIATIVES, INC. ("CII"), by Ian

Burns, one of its attorneys; and it appearing to the Court that the plaintiff, COMMUNITY

INITIATIVES, INC., heretofore commenced this action by filing its Complaint for

Foreclosure of Mortgage against the defendants, EVOYWEST CHICAGO, LLC, an

Illinois limited liability company, STANDARD BANK AND TRUST COMPANY, as IRA

Trustees, WASHINGTON BOULEVARD APARTMENTS 2006 LLC, an Illinois limited

liability company, JOSEPH ARDOVITCH, an individual, JAMES MINICK, an individual,

DENNIS MADSEN, an Individual.

The Court having examined the files and records in this cause and being fully

advised in the premises, FINDS THAT:

    1.    The following defendants were each duly and personally served with

1

summons in this cause in the manner provided by law: STANDARD BANK AND TRUST

COMPANY, as IRA Trustees, WASHINGTON BOULEVARD APARTMENTS 2006 LLC,

an Illinois limited liability company, JOSEPH ARDOVITCH, an individual, JAMES MINICK,

an individual, DENNIS MADSEN, an Individual.

2.    The date that the last of the mortgagors was served by summons or

publication or has otherwise submitted to the jurisdiction of this Court was December 14,

2009.

3.    Each of the named defendants has duly and regularly been served a

sufficient time to authorize this Court to proceed with the hearing and the entry of this

Judgment. It further appears to the Court that all notices required to be given have duly

and properly been given and due notice of the presentation of this Judgment has been

given to all parties entitled thereto and to each of the defendants, as required by law, and

this Court has acquired and now has jurisdiction of all the parties to this cause and the

subject matter hereof.

4.    And it further appearing to the Court that the defendants, EVOYWEST

CHICAGO, LLC, an Illinois limited liability company, JOSEPH ARDOVITCH, an individual,

JAMES MINICK, an individual, DENNIS MADSEN, an Individual, have appeared and

answered and an Order for Summary Judgment has been entered against said

defendants. Defendants, STANDARD BANK AND TRUST COMPANY, as IRA

Trustees, WASHINGTON BOULEVARD APARTMENTS 2006 LLC, an Illinois limited

liability company, have failed to plead to the plaintiff's Complaint for Foreclosure of

Mortgage within the time required by law, but therein made default and that an Order of

Default has heretofore been entered against the above mentioned defendants for failing to appear and/or plead, and that plaintiff's Complaint for Foreclosure of Mortgage has been taken as confessed by and against all of the above mentioned defendants.

5.    And this cause coming on now to be heard upon the Complaint for Foreclosure of Mortgage, and upon all other pleadings, exhibits, affidavits, and matters of record herein, the Court further finds:

(a)    That on May 3, 2006, DEUTSCHE BANK BERKSHIRE MORTGAGE, INC. as predecessor in interest to CII, being Indebted in the sum of $9,142,000.00, made, executed and delivered their mortgage and note to EVOYWEST CHICAGO, LLC with interest at the rate of 6.180% per annum on the principal balance remaining from time to time unpaid, said mortgage and note being secured by a lien on the fee simple interest on the following described real estate in Cook County:

SEE ATTACHED LEGAL DESCRIPTION

The mortgage contains an express waiver of the right of redemption by the mortgagor as authorized by the Code of Civil Procedure of Illinois, Section 5/15-1601(b), and the premises were not, and are not, improved or used as residential real estate, and the mortgagor was not, and is not, prohibited by Article 15 of the mortgage Foreclosure Act (the Code of Civil Procedure of Illinois, Section 5/15-101 et. Seq.) from expressly waiving its right of redemption.

(b)    Said mortgage was duly filed for record in the Office of the Recorder of Deeds of Cook County, Illinois on June 9, 2006 as Document No. 0616032001.

(c)    Said mortgage and note are valid obligations of the defendant EVOYWEST

CHICAGO, LLC, an Illinois limited liability company, and the plaintiff, COMMUNITY INITIATIVES, INC., is now the legal holder and owner of the mortgage, note and indebtedness and entitled to foreclose the same pursuant to the provisions thereof.

(d)     That default has occurred in the payment of the principal and interest due pursuant to the terms of said mortgage and note, plaintiff has the right and power to declare immediately due and payable all indebtedness secured by the mortgage and that there remains an unpaid principal balance of $9,024,405.74, with interest and advances due thereon from October 23, 2009, the date of default.  Interest accrues under the mortgage and note at the rate of $1,549.19 per day after default.

The Court further finds that by virtue of the mortgage and note, there is due to the plaintiff, COMMUNITY INITIATIVES, INC., the following sums:

| | |
|---|---|
| Principal balance | $9,024,405.74 |
| Interest to 9/25/10 | $1,074,350.49 |
| Late Charges | $39,111.32 |
| Receiver fees | $330,992.14 |
| Total | $10,468,859.69 |

(e)     That the mortgage being foreclosed specifically provides that the aforesaid attorneys fees, costs, expenses and advances, incurred in connection with this foreclosure, shall be recovered by plaintiff-trustee.

(f)     That the described real estate is not residential real estate as defined by the Code of Civil Procedure of the Code of Civil Procedure of Illinois, Section 5/15-1219.

(g)     That the court makes no finding with respect to the priority between the

4

lien held by PRN Corporation and the Plaintiff's Mortgage. The priority of said liens will be determined at a later date.

7.    The Court further finds that defendants, EVOYWEST CHICAGO, LLC, an Illinois limited liability company is also obligated to pay the costs of the Judicial Sale and said costs are a part of and may be added to the indebtedness due plaintiff, COMMUNITY INITIATIVES, INC.

8.    The Court further finds that the defendant, EVOYWEST CHICAGO, LLC, an Illinois limited liability company, is the present owner of record.

9.    All matters in controversy by the parties hereto as reflected by the pleadings on file are adjudged and determined by this Judgment, and the Court having heard the arguments of counsel and being fully advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

(1)    That all rights of redemption have been validly waived and the mortgagor, and all persons claiming by, through or under the mortgagor, are forever barred and foreclosed from any and all rights of redemption and claim of, in and to said premises, or any part thereof.

(2)    That the premises hereinbefore described, or so much thereof as may be sufficient to realize the amount due plaintiff, shall be sold at public sale without any representations as to title and without recourse to plaintiff by open bid to the highest and best bidder by the Special Commissioner appointed by this court at the place designated by the Special Commissioner, and the Special Commissioner shall be hereby appointed to execute this Judgment. The plaintiff shall give public notice of the time, place and

terms of sale. The notice of sale shall be published at least three (3) consecutive calendar weeks, once in each weeks, the first such notice to be published not more than twenty-eight (28) days prior to the sale, the last such notice to be published not less than seven (7) days prior to the sale. The notice of sale shall be by an advertisement in a newspaper circulated to the general public in the county in which the real estate is located, in the section thereof where legal notices are commonly placed, and also by a separate advertisement in the section of a newspaper, which may be the same newspaper, in which the real estate other then real estate being sold as part of legal proceedings is commonly advertised to the general public; provided, that where both advertisements could be published in the same newspaper, and that newspaper does not have separate legal notices and real estate advertisement sections, a single advertisement shall be sufficient; and such other publications as may be further ordered by the Court. Notice of the public sale shall be given also by the plaintiff to all parties in the action who have appeared and have not theretofore been found by the Court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of Court for service of papers other than process of complaint, not more than forty-five (45) days nor less than seven (7) days prior to the day of sale. After notice is given in accordance with the Code of Civil Procedure of Illinois, Section 5/15-1507, a copy thereof shall be filed in the Office of the Clerk of this Court, together with a certificate of counsel or other proof that notice has been served. The Special Commissioner may, in its discretion, adjourn such sale and continue the same from time to time upon such additional notice as provided in the Code of Civil Procedure of Illinois, Section 5/15-1507.

(3)      That in the event the plaintiff may become the purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amounts due under the Judgment of Foreclosure and Sale plus all costs, advances and fees hereunder with interest incurred between entry of Judgment and order confirming the sale. The Special Commissioner shall, on such sale being made, give and record a Certificate of Sale to said purchaser, which Certificate shall be freely assignable by endorsement thereon. And the Special Commissioner shall, out of the proceeds of such sale, make a distribution in the following order of priority: the reasonable expenses of sale; the reasonable expenses of securing possession of the real estate before sale, holding, maintaining and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees and to the extent provided for in the mortgage or other recorded agreement, reasonable attorneys' fees, payments made pursuant to the Code of Civil Procedure of, Section 5/15-1505 and other legal costs and expenses incurred by the mortgagee; satisfaction of claims in the order of priority adjudicated in this Judgment of Foreclosure and Sale or the Order confirming the sale; and any proceeds surplus to the mortgagor, or as otherwise directed by the Court. The Special Commissioner shall promptly make a report of sale to the Court. Upon motion and notice the Court shall conduct a hearing and confirm the sale. Upon confirmation of the sale the Special Commissioner shall execute a deed to the purchaser at the sale.

(4)      In case the proceeds of sale are not sufficient to pay the plaintiff's lien in full and there remains a deficiency in the amount due to plaintiff, COMMUNITY INITIATIVES,

INC., the plaintiff shall be entitled to have the rents, issues and profits of the premises applied towards the payment of such deficiency until the statutory period of redemption expires, regardless of whether or not the premises shall have been redeemed from sale, or until the deficiency shall be paid or satisfied in full, and the plaintiff is entitled to a lien prior and superior to the rights of all defendants hereto, in and to such rents, issues and profits.

(5)     In case there is any deficiency in the amount due the plaintiff, COMMUNITY INITIATIVES, INC., the plaintiff shall be entitled to an In Rem deficiency judgment against the property.

(6)     That the holder of the Certificate of Sale shall be entitled to possession of the heretofore described real estate 30 days from the date the sale is confirmed by the Court without notice or any further Court order, unless a prior request for possession is made pursuant to the Code of Civil Procedure of Illinois, Section 5/15-1701, et seq.

(7)     That plaintiff's mortgage constitutes a valid, prior and paramount lien upon the fee simple interest in the mortgaged real estate, and the rights of each defendant in this cause is subject and subordinate to the lien of the plaintiff's mortgage foreclosed in this proceeding, except with respect to the lien of PRN Corporation, as provided herein.

(8)     Leave is granted to plaintiff, COMMUNITY INITIATIVES, INC., to withdraw any evidentiary exhibits. True and correct copies of the Mortgage and Note are attached to the Complaint and no further copies need be filed.

(9)     The Court expressly retains jurisdiction of the property which is the subject of this foreclosure for so long as may be necessary for the purpose of placing in

possession of the premises the holder of the Certificate of Sale or the grantee or grantees in the Judicial Deed, or his or their legal representatives or assigns, and reserves the right to appoint a receiver to take possession of said premises in order to prevent impairment of the value of the premises, manage and conserve the premises, or satisfy any deficiency which may be found due to the plaintiff.

DATED: _Oct 27, 2010_        ENTER: _____
                                         JUDGE

Ian M. Burns, #6282599
iburns@hrolaw.com
Hauselman Rappin & Olswang Ltd.
39 South LaSalle Street, Suite 1105
Chicago, Illinois 60603
T: (312) 372-2020
F: (312) 372-0404

PARCEL 1:

Lots 49, 50, 51 and 52 in Block 1 in Craft's Addition to Austinville, a Subdivision of the West 36 1/4 acres of the South 43 3/4 acres of the West half of the Southwest Quarter of Section 9, Township 39 North, Range 13 East of the Third Principal Meridian, reference being had to the map of said Craft's Addition recorded March 29, 1871, as Document 89072 and re-recorded April 3, 1978, and Document 174822 in Cook County, Illinois.

PIN: 16-09-314-032

Property Address:  5500-5516 West Washington Boulevard
                   Chicago, IL 60644

PARCEL 2:

All that part of the Resubdivision of Lots 21 to 26, inclusive, in Block 3 in Henry Waller's Subdivision of the South 43 3/4 acres of the East 1/2 of the Southwest 1/4 of Section 8, Township 39 North, Range 13, East of the Third Principal Meridian, described as follows, to-wit:  Beginning at a point of the North line of West Washington Boulevard at the Southeast corner of Lot 4 in said Resubdivision; thence North along the East line of said Lot 4, 139 feet 11 3/8 inches more or less, to the South line of a 10 foot alley and thence East along the South line of said 10 foot alley (being the North line of Lots 5, 6 & 7 in said Resubdivision) a distance of 76 feet and 7 1/4 inches more or less to the intersection of the South line of said 10 foot alley with the West line of the North and South public alley as now occupied, East and adjoining said Lot 7; thence South along the West line of said North and South alley as now occupied, to the North line of West Washington Boulevard (being the South line of Lots 5, 6, and 7 in said Resubdivision) 77 feet 4 1/4 inches more or less, to the place of beginning in Cook County, Illinois.

PIN: 16-08-415-016

Property Address:  5716-5726 West Washington Boulevard
                   Chicago, IL 60644

PARCEL 3:

Lots 63 and 64 in Prairie Avenue Addition to Austin in the Southeast 1/4 of Section 8, Township 39 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois.

PIN: 16-08-413-016

Property Address:  5912-5918 West Washington Boulevard
                   Chicago, IL 60644